United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Guadalupe Saldana Chavez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3880 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Guadalupe Saldana Chavez is a native and citizen of Mexico who concedes that he unlawfully entered the United States in 1993. Docs. 1 ¶ 21, 7-1 at 1. On April 8, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Montgomery ICE Processing Center in Conroe, Texas. Docs. 1 at ¶¶ 17 & 22, 7 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process; (2) procedural due process; and (iii) the Immigration and Nationality Act. [1]

Before the Court is Respondent's Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8

[1] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 7–8, 11–12. The Court assumes that Petitioner intends to raise due both due process challenges.

U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[2]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of July, 2026.

Nicholas J. Ganjei
United States District Judge

[2] To the extent Petitioner argues his present detention constitutes "arbitrary" government action violative of the Due Process Clause, *see* Doc. 1 at 13–14, the Court also considered and rejected this argument, *id.* at 10 n.4. Petitioner's reference to "ultra vires" action, Doc. 1 at 13–14, likewise fails because "once it is determined that an act 'did not exceed the authority given to it by Congress,' the action is not ultra vires[,]" *Jean v. Gonzalez*, 452 F.3d 392, 397–98 (5th Cir. 2006) (citation omitted).